IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LANCE E. SMITH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 23-3008-PJM |
| MR. COOPER GROUP MORTGAGE, | * | |
| Defendant. | | |

\*\*\*

## MEMORANDUM OPINION

Lance E. Smith has sued an entity he identifies as "Mr. Cooper Group Mortgage." Nationstar Mortgage LLC, which does business as "Mr. Cooper," has entered the case as Defendant and has filed a Motion to Dismiss (ECF No. 10). Smith has filed a response in opposition (ECF No. 12), and Nationstar has filed a reply (ECF No. 15). No hearing is necessary. *See* D. Md. Local R. 105.6. For the following reasons, the Court will **GRANT** Nationstar's Motion to Dismiss (ECF No. 10) and **DISMISS WITHOUT PREJUDICE** Smith's Complaint.

### BACKGROUND

On August 21, 2023, Smith filed a *pro se* Complaint against "Mr. Cooper Group Mortgage" in the Circuit Court for Prince George's County. *See* ECF No. 3. The Complaint, in its entirety, reads: "Fail[ure] to properly service borrower's loan; Fail[ure] to properly file borrower's loan; Fail[ure] to provide original loan documents; File an accord & satisfaction, 'No Respond'; and File under Maryland State law Article 9-210 'with no respond.'" *See id.* at 1-2. Smith seeks $400,000 in damages. *See* ECF No. 3 at 2.

On November 3, 2023, Nationstar removed the case from the Circuit Court for Prince George's County to this Court on the basis of diversity jurisdiction. *See* ECF No. 1. Nationstar is

1

a limited liability company founded under the laws of Delaware, and none of its members are citizens of Maryland. *See* ECF No. 6. Smith is a Maryland citizen; he lives in Clinton. *See* ECF No. 1.

Just under three weeks later, Nationstar filed the present Motion to Dismiss (ECF No. 10). Nationstar seeks dismissal of Smith's Complaint on the ground that it fails to state a claim.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a case on the basis that a complaint fails to "state a claim for relief upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted).

Although a complaint need only set forth a "short and plain statement" of the plaintiff's claim "showing that the [plaintiff] is entitled to relief," Fed. R. Civ. P. 8(a)(2), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citation omitted). The court, however, is not required to accept unsupported legal conclusions couched as

2

factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (observing the "long-standing practice" that courts should liberally construe the pleadings of unrepresented parties). At the same time, the "leeway extended" to an unrepresented plaintiff "must be tempered to require the plaintiff to comply with the Federal Rules of Civil Procedure, including the pleading requirements of Rule 8." *Yacoubou v. Wells Fargo Bank, N.A.*, No. 1:09-cv-2387, 2010 U.S. Dist. LEXIS 76066, at *9 (D. Md. July 28, 2010).

## DISCUSSION

Nationstar urges the Court to dismiss Smith's complaint because, in Nationstar's view, the Complaint is "devoid of any factual allegations or purported causes of action." ECF No. 10-1 at 3. The Court agrees.

As recited above, Smith's Complaint states nothing more than a series of legal conclusions. For example, he alleges a "fail[ure] to properly service borrower's loan." ECF No. 3 at 1. He does not say *how* the loan servicer's conduct was improper, *when* the allegedly improper servicing occurred, or *what* effect the allegedly improper servicing had on Smith. In fact, the Complaint even appears to misidentify *which* loan servicer allegedly improperly serviced Smith's loan.

The Court understands, based on Nationstar's appearance in this case and its business alias ("Mr. Cooper"), that it is the real party in interest as a defendant. Notwithstanding that Nationstar has volunteered this additional fact, the Complaint fails to allege any details that would permit the Court to infer that Nationstar may be "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Accepting as true what scant facts that are pled, and construing the Complaint liberally, the Court reads the Complaint to allege that Nationstar somehow failed to meet its obligations to Smith by supposedly failing to properly service his loan, failing to file his loan, failing to provide his original loan documents, not responding to an "accord & satisfaction," and not responding to a "file under Maryland State law Article 9-210." ECF No. 3 at 1-2. Even with this liberal construction, however, the Court is left without a clue as to the specific nature of the alleged misconduct, i.e., when and how it occurred, and what effects, if any, legal or otherwise, the alleged misconduct had on Smith. While complaints filed by unrepresented parties are entitled to more leniency in the precision and manner by which claims are pled, the Court is not obliged to speculate as to what Smith means to say, nor to conjure up facts or legal theories that might support his plainly deficient claims. *See Yacoubou*, 2010 U.S. Dist. LEXIS 76066, at *9 (dismissing a plaintiff's "unsupported, conclusory" discrimination claim); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("It [is] not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading").

Smith's opposition to Nationstar's Motion does not in any way engage with the substance of Nationstar's arguments. Indeed, the Court could very well grant Nationstar's Motion and dismiss Smith's Complaint simply because he has failed to oppose it, which is tantamount to a concession on those issues. *See McKeel v. United States*, 178 F. Supp. 2d 493, 504 (D. Md. 2001) ("Plaintiff appears to concede this point, as he has failed to respond to the government's argument on this point."); *see also Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (if a plaintiff fails to

4

oppose a motion to dismiss, a court is "entitled . . . dismiss [the] suit on the uncontroverted bases asserted" in the motion).[1]

But perhaps, as they say, there may well be some there there. Smith's opposition to the Motion to Dismiss does contain what appear to be factual allegations, suggesting that Nationstar has "ignored the accord and satisfaction under State of Maryland Title 3 subtitle 3 Section 3-311 and the bill of complaint under the State of Maryland Article 9-210." ECF No. 12 at 1. He also says that "borrower issued credit to defendant . . . in the amount of at least ten (10) times of the amount of the note" prior to "the closing of escrow." *Id.* He explains that "borrower never received a check, to provide its signature as a restrictive endorsement followed by the words 'For Deposit Only' to then be given to the seller for deposit as required by the laws governing Money and Finance and Restrictive Endorsements of U.S. Bearer Securities." Smith then states that the "Bona Fide Dispute requested a statement under penalty of perjury from the acting President or agent did not countersign 'the note' as required by Section 33 of the 1863 National Bank Act," and that the "executive office of the defendant failed" to respond. *Id.* He claims that this required "the complainant" to submit "the following drafts to the public payment receiving address, which were applied to the 'loan.'" *Id.* The "drafts" to which Smith alludes appear to be checks, each in the sum of $1889.20, dated every month between May 5, 2023 to September 1, 2023.

Deficiencies in a pleading cannot be cured by identifying new facts or making new allegations in an opposition to a motion to dismiss. *See Hampton v. Wells Fargo Bank, N.A.*, No. DLB-22-1712, 2023 U.S. Dist. LEXIS 168952, at *4 n.3 (D. Md. Sep. 22, 2023) (citing *Whitten v.*

---

[1] Although Nationstar does not raise the issue, Smith's opposition was also untimely filed. Nationstar filed its Motion to Dismiss on November 20, 2023. *See* ECF No. 10. The Clerk's Office did not send its standard Rule 12/56 Notice, which is meant to explain to unrepresented parties the significance of a dispositive motion like a motion to dismiss, until December 20, 2023. *See* ECF No. 11. The Clerk's Rule 12/56 Notice plainly states that, unless otherwise ordered by the Court, any response to a Rule 12 or 56 motion must be filed within 28 days of the date of the Notice. *See id.* Smith did not file his response in opposition until January 22, 2024, well beyond the 28-day limit. *See* ECF No. 12.

*Apria Healthcare Grp., Inc.*, No. PWG-14-cv-3193, 2015 U.S. Dist. LEXIS 61060, at *16 (D. Md. May 11, 2015)); *see also Saunders v. Putnam Am. Gov't Income Fund*, No. JFM-04-560, 2006 U.S. Dist. LEXIS 46046, at *2 n.2 (D. Md. July 7, 2006) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."). With that in mind, Smith may yet be able to articulate an intelligible claim or claims.

But as things stand, his Complaint fails to state a claim by a wide margin. The Court will **GRANT** Nationstar's Motion to Dismiss and **DISMISS WITHOUT PREJUDICE** Smith's Complaint, but will **GRANT** him leave to file an Amended Complaint within thirty (30) days of the date of this Memorandum Opinion.

## CONCLUSION

In sum, the Court **ORDERS** that:

1. Nationstar's Motion to Dismiss (ECF No. 12) is **GRANTED**;

2. Smith's Complaint (ECF No. 3) is **DISMISSED WITHOUT PREJUDICE**;

3. Smith **MAY** file an Amended Complaint within thirty (30) days of the date of this Memorandum Opinion;

4. The Clerk of Court is directed to **CLOSE** this case unless, within thirty (30) days, Smith timely files an Amended Complaint, whereupon the case **SHALL BE REOPENED**; and

5. The Clerk of Court is directed to **MAIL** a copy of this Memorandum Opinion and the accompanying Order to Smith.

A separate Order will issue.

March 18, 2024

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6